UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFERSON DAVID FUENTES
MARTINEZ,

      Petitioner,

v.

                                      Case No: 6:26-cv-925-JSS-NWH

ACTING DIRECTOR-ICE TODD
LYONS, SECRETARY
MARKWAYNE MULLIN, TODD
BLANCHE, GARRETT RIPA,
JOSEPH DEMORE, US
IMMIGRATION AND CUSTOMS
ENFORCEMENT, and
DEPARTMENT OF HOMELAND
SECURITY,

      Respondents.
_____/

## **ORDER**

Petitioner, Jefferson David Fuentes Martinez, initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) Initially, Petitioner was detained at the Volusia County jail. (*See id.* at 6.) To prevent Respondents from transferring him to another facility or otherwise altering his custodial status, Petitioner asked the court for an ex parte temporary restraining order (TRO). (Dkt. 2.) The court granted Petitioner's motion and ordered Respondents to refrain from transferring him from the Volusia County jail. (*See* Dkt. 6 at 12–13.) By that time, however, Petitioner had been transferred to the Baker County Detention

Center, which serves as a detention facility for Immigration and Customs Enforcement. (*See* Dkt. 8 at 2; Dkt 9 at 1.) Petitioner would like to remain at that facility during the pendency of his case. (*See id.* at 2.) Indeed, Petitioner asks that the court amend its prior order to enjoin Respondents "from removing [him] from the Baker County Detention Center pending final adjudication of his habeas corpus petition." (*Id.*)

Jurisdiction for a section 2241 petition is appropriate in either the district of confinement or the district of conviction. *See* 28 U.S.C. § 2241(d); *see also United States v. Ellis*, 814 Fed. App'x. 474, 476 (11th Cir. 2020) ("Section 2241 petitions must be brought in the district court of the district where the prisoner is incarcerated, and any other district court lacks jurisdiction over the petition."); *Wright v. U.S. Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located."). Further, Middle District of Florida Local Rule 1.04(b) requires a civil action to be filed "in the division to which the action is most directly connected or in which the action is most conveniently advanced." M.D. Fla. R. 1.04(b). "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Petitioner is now confined at the Baker County Detention Center in MacClenny, Florida. (*See* Dkts. 1, 9.) MacClenny, Florida, is located in Baker

- 3 -

County, which falls under the jurisdiction of the United States District Court for the Middle District of Florida, Jacksonville Division. *See* M.D. Fla. R. 1.04(a). As Petitioner is confined within that division, it is proper to transfer this action there. *See Farfan v. Bondi*, No. 1:26-CV-20777-KMM, 2026 WL 370518, at *2 (S.D. Fla. Feb. 10, 2026) (transferring habeas petition to the Fort Myers division because the petitioner was detained in Collier County). Accordingly, the Clerk of the Court shall transfer this case to the Jacksonville division of the court.

To preserve the status quo while this matter is transferred to the Jacksonville Division, Respondents are **TEMPORARILY ENJOINED** from transferring Petitioner from the Baker County Detention Center until further order of the court. *See Hodge v. HUD*, 862 F.2d 859, 861 (11th Cir. 1989) ("Inherent in the jurisdiction of a court of equity is the power to modify an injunction in adaptation to changed conditions." (quotation omitted)).

**ORDERED** in Orlando, Florida, on May 5, 2026.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

USAFLM.Orlando2241@usdoj.gov

- 3 -